UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRIDLEY IP LLC,

    Plaintiff,

v.                                                 Case No: 8:21-cv-265-CEH-AEP

CABCONNECT, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Entry of Default Judgment (the "Motion for Default Judgment") (Doc. 11). Upon consideration, the Motion for Default Judgment is due to be denied, without prejudice.

## DISCUSSION

Gridley IP, LLC ("Plaintiff") moves the Court pursuant to Fed. R. Civ. P. 55 to enter a default judgment against Defendant Cabconnect, Inc. ("Defendant") for alleged patent infringement. Doc. 11 at 1. The two-page motion states Plaintiff has been unable to enforce its patent rights or recover damages due to Defendant's failure to respond to Plaintiff's Complaint. *Id.* at 2. A clerk's default was entered against Defendant on June 3, 2021. Doc. 10. Plaintiff requests an order of default judgment be entered against Defendant in an amount to be determined.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear, pursuant to Rule 55(b). *DirectTV,*

*Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). A defendant who defaults is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact," *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987), but "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law," *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1]; *see GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (explaining that allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief and jurisdiction is established).

Additionally, a plaintiff is entitled to only those damages adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). As such, "the court must determine the amount and character of damages to be awarded." *Armadillo Distrib. Enters., Inc. v. Hai Yun Musical Instruments Manufacture Co. Ltd.*, 142 F. Supp. 3d 1245, 1255 (M.D. Fla. 2015). If default judgment is warranted, a court may hold a hearing to assess damages, but a hearing is not required where sufficient evidence is submitted to support the claimed damages. *Id.* Where applicable, courts within the Eleventh Circuit assessing the reasonableness of a request for attorney's fees utilize the "lodestar" method. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1298–99 (11th Cir. 1988).

---

[1] In *Bonner v. City of Prichard,* the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Here, the two-page Motion for Default Judgment fails to set forth the elements of Plaintiff's claim against Defendant, with citation to legal authority, or show how the well-pleaded allegations of the complaint establish those elements. Instead, the Motion for Default Judgment merely concludes that Plaintiff is entitled to a default judgment under Rule 55 of the Federal Rules of Civil Procedure because the Clerk entered a default against Defendant. Doc. 11 at 1–2. However, Plaintiff is not entitled to entry of a default judgment against Defendant simply because a clerk's default has been entered. *Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"); *Cloer v. Green Mountain Specialties Corp.*, No. 6:18-cv-999-Orl-PGB-KRS, 2018 WL 7287153, at *1 (M.D. Fla. Aug. 30, 2018) ("defaulted defendant is not, however, held to admit facts that are not well-pleaded or to admit conclusions of law") (internal quotations omitted). Consequently, the Motion for Default Judgment is deficient and due to be denied. *See, e.g., id; Sec'y of Labor, U.S. Dep't of Labor v. Gen. Projection Sys., Inc.*, No. 6:17-cv-855-Orl-RBD-KRS, 2018 WL 8129782, at *1–2 (M.D. Fla. Aug. 28, 2018). Therefore, the Court will deny the Motion for Default Judgment, without prejudice. Plaintiff may file an amended motion for default judgment within the time prescribed below.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Default Judgment (Doc. 11) is **DENIED**, **without prejudice**.

3

2. Plaintiff may file an amended motion for default judgment within **TWENTY-ONE (21) DAYS from the date of this order,** which corrects the deficiencies noted herein. Any amended motion must be supported by a memorandum of law that addresses the propriety of service, the elements of Plaintiff's claim against Defendant and whether the allegations of the complaint establish Defendant's liability and Plaintiff's damages, complete with citations to the complaint (by paragraph number), the record, and applicable law. To the extent that Plaintiff seeks attorney's fees, it shall set forth the legal basis for entitlement to attorney's fees and provide evidence regarding the reasonableness of the amount sought.

**DONE** and **ORDERED** in Tampa, Florida on August 13, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any.